UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TIMOTHY FERGUSON,

        Plaintiff,

v.                                        Case No. 5:04-cv-322-Oc-10GRJ

UNITED STATES OF
AMERICA, et al.,

        Defendants.
_____

## ORDER GRANTING SUMMARY JUDGMENT

Plaintiff initiated this case by filing a civil rights complaint pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et.seq., and Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics.[1] In the Complaint, Plaintiff alleges claims of medical negligence against the United States and deliberate indifference to serious medical needs against several employees of the Coleman Federal Correctional Complex. The individual federal defendants are: Donald McKelvy, former Warden; M.Coll, Health Services Administrator; Dr. Jae Hoon Shim, Medical Director; Dr. Lawrence Green, Medical Officer; and Dr. Terrance Otto, Contracted Medical Doctor. Complaint at 2. Plaintiff seeks both monetary and declaratory relief.

This case is before the Court on Defendants McKelvy and Coll's Motion to Dismiss, or, in the Alternative, for Summary Judgment (Doc. 50) and the Plaintiff's

---

[1] 403 U.S. 388, 91 S.Ct. 1999 (1971) (authorizing suits against individual federal officials).

reply and cross motion for summary judgment (Docs. 67 & 68).

## Defendants Shim, Green and Otto

Rule 4(m) of the Federal Rules of Civil Procedure states:

> Time Limit for Service: If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The 120-day time limitation was not meant to be enforced harshly,[2] rather, it was intended to be a "useful tool for docket management . . . "[3] When a Plaintiff has failed to serve process upon a defendant within 120 days, the rule provides that the Court shall dismiss the action without prejudice as to that defendant or extend the time in which to effect service upon a showing of good cause.[4]

A review of the file shows that the United States Marshal was unable to serve process upon Defendants Shim, Green and Otto at the addresses provided by the Plaintiff. Plaintiff has not provided the Court with a current service address for any of those defendants, nor has he requested an extension of time to serve process or shown good cause for the failure to timely serve those Defendants. Accordingly,

---

[2] Newell v. United States Dept. of Justice, 2000 WL 1681234 * 2 (M.D.Fla.) (citing Williams v. Publix Warehouse, 151 F.R.D. 428, 431 (M.D.Fla. 1993); Floyd v. United States, 900 F.2d 1045, 1046 (7th Cir. 1990)).

[3] Id (citing Gambino v. Village of Oakbrook, 164 F.R.D. 271, 273 (M.D.Fla. 1995); Floyd at 1049).

[4] "Good cause requires the party seeking an enlargement to show good faith and a reasonable basis for noncomplaince." Gambino, 164 F.R.D. at 274 (internal citations omitted).

Defendants Shim, Green, and Otto are dismissed without prejudice.

### **Defendants McKelvy and Coll**

In the Complaint, Plaintiff asserts that he is suing Defendants McKelvy and Coll in their individual and official capacities. Complaint at 2. Plaintiff alleges that Defendants McKelvy and Coll were deliberately indifferent to his serious medical needs when they failed to provide Plaintiff with proper treatment for his Hepatitis C. Specifically, Plaintiff asserts that as the Warden of the Coleman USP, Defendant McKelvy was responsible for reviewing and investigating all institutional remedy requests. Defendant McKelvy was deliberately indifferent to Plaintiff's serious medical needs when he failed to adequately address Plaintiff's administrative remedies and other requests for medical help. Additionally, Plaintiff asserts that Defendant Coll, as Health Services Administrator, is responsible for ensuring that all prisoners receive proper medical care. Plaintiff alleges that Defendant Coll failed to give him copies of the Bureau's Hepatitis C treatment guidelines and informed Plaintiff that treatment protocols were decisions that must be made by the medical staff.

### Official Capacity Claims

Where damages are sought against federal defendants in their official capacities, the case is deemed as being against the United States.[5] However, "[t]he

---

[5] Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999 (1963).

United States, as a sovereign, is immune from suit save as it consents to be sued."[6] The United States has not waived its sovereign immunity from liability for an award of damages arising from alleged violations of the Constitution.[7] Accordingly, to the extent that Plaintiff alleges claims against the Defendants McKelvy and Coll in their official capacities, those claims are barred by the doctrine of sovereign immunity.

### Individual Capacity Claims

In this case, neither Defendant McKelvy nor Defendant Coll had any personal involvement in Plaintiff's medical treatment. Plaintiff merely sues them in their capacities as Warden and Health Services Administrator. Supervisory officials are not liable under Bivens for the unconstitutional acts of their subordinates.[8] The mere act of deferring to the medical doctors in denying Plaintiff's administrative remedies and other requests for medical treatment is insufficient to establish Bivens liability.[9] Accordingly, Plaintiff's individual capacity claims against Defendants McKelvy and Coll are dismissed.

### **The United States**

Although Plaintiff named the United States as a defendant in this case under

---

[6] United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769-70 (1941) (citations omitted).

[7] FDIC v. Meyer, 510 U.S. 471, 485-86, 114 S.Ct. 996, 1005-06 (1994).

[8] Gonzalez v. Reno, 325 F.3d 1229, 1234-35 (11th Cir. 2003).

[9] Graham v. Wright, 2003 WL 22126764 (S.D.N.Y. Sept. 12, 2003) (finding that it is well established that supervisory officials are entitled to delegate medical responsibility to facility medical staff and rely on their opinions).

the FTCA, and the United States was properly served,[10] it does not appear from the record that the United States has filed a response to the Complaint.[11]  The motion to dismiss currently before the Court was filed on behalf of Defendants McKelvy and Coll.  Moreover, that motion does not appear to specifically address Plaintiff's FTCA claim of medical negligence.[12]  Accordingly, the United States will be required to file a response to the Complaint.

## Conclusion

For the reasons set forth in this Order, it is hereby ORDERED and ADJUDGED:

(1) Defendants Shim, Green, and Otto are **DISMISSED without prejudice**.  The Clerk is directed to enter judgment accordingly.

(2) Defendants McKelvy and Coll's Motion to Dismiss Complaint, or, in the Alternative, for Summary Judgment (Doc. 50) is **GRANTED**.  The Clerk is directed to enter judgment for Defendants McKelvy and Coll and against Plaintiff.

(3) In light of the granting of Defendants McKelvy and Coll's summary judgment motion, the Plaintiff's cross Motion for Summary Judgment (Doc. 68) is **DENIED**.

---

[10] See the signed return receipts (green cards) for the United States Attorney and the Attorney General of the United States attached to Doc. 21.

[11] Further, it *appears* as if this claim was properly exhausted and timely filed under the FTCA.  See Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 67) at Ex. 8.

[12] Although, as suggested by Defendants McKelvy and Coll in their motion, it is likely that as long as medical staff followed the Bureau's guidelines there was no negligence on the part of the United States.

(4) The Defendant United States of America shall file a response to Plaintiff's FTCA claim within THIRTY (30) DAYS from the date of this Order.  The Plaintiff shall have TWENTY (20) DAYS thereafter to file a response.

**DONE AND ORDERED** at Ocala, Florida, this 1st day of November 2005.

_____
UNITED STATES DISTRICT JUDGE

c: Timothy Ferguson
   Counsel of Record